Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Richard C. Gordon, Esq.
Nevada Bar No. 9036
Holly E. Cheong, Esq.
Nevada Bar No. 11936
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
asorenson@swlaw.com
rgordon@swlaw.com
hcheong@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALD ERWIN, an individual; and NANCY ERWIN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., an entity; DOES I through X, inclusive; and ROE ENTITIES XI through M, inclusive,<br><br>Defendants. | CASE NO. 2:15-cv-01396-LDG-GWF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>**(Second Request)** |

Gerald and Nancy Erwin (the "Erwins") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively the "Parties") jointly stipulate and move the Court to enter the Stipulated Confidentiality Agreement and Protective Order ("Order") submitted herewith. Good cause exists for entering the Order, as the Parties anticipate that disclosure and discovery in this action will encompass information that one or more Parties, as well as non-parties, considers highly confidential, sensitive, and proprietary, and otherwise non-public information that warrants protection from public dissemination pursuant to Fed. R. Civ. P. 26(c). The materials may include, but are not limited to, information such as the policies and procedures of Wells Fargo, Parties' and non-parties' account numbers and other sensitive information, conversations related

22645784

to financial accounts for which there was an expectation of privacy from public intrusion, and trade secrets of one or more Parties or non-parties. The Parties have legitimate justifications for preventing the public disclosure of such documents.

WHEREAS the Parties in this matter, or third parties not named in this matter ("Third Party" or "Third Parties"), may be required, under Federal Rules of Civil Procedure or pursuant to written discovery requests, to produce documents and/or information that contain proprietary information, sensitive financial information, confidential information, documents containing business procedures and/or policies that they have a desire to remain confidential, and/or trade secrets (hereinafter collectively referred to as "Confidential Information").

WHEREAS, in light of the foregoing, the Parties have agreed to establish procedures to protect the confidentiality of the Confidential Information disclosed by any Party or Third Party;

NOW, THEREFORE, it is hereby stipulated and agreed, and the Court is respectfully requested to enter an Order, as follows:

1.  Any discovery response, information, document or thing produced, and/or all deposition testimony given in connection with this litigation that contains sensitive information may be designated as Confidential Information by the Party or Third Party producing or providing the response, information, document or thing, and/or deposition testimony ("Designating Party"). Confidential Information may include: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), DVDs, CDs, hard-drives, cassette tapes, video-recordings, disks, diskettes, emails and other electronic data, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions, in whole or in part, and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things. The handling of such information shall be made in accordance with the terms of this Order. A discovery response, information, document or thing produced, and/or all deposition testimony may be designated as Confidential Information by one of the following methods:

- 2 -

22645784

  a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document for the entire document to be treated as Confidential; and,

  b. In the case of depositions, including exhibits thereto, or other pretrial testimony: (i) by a statement on the record, by any counsel or the deponent, at the time of such disclosure; or (ii) by written notice from any Party or Third Party's counsel or the deponent or his/her counsel, within ten business days after receiving a copy of the transcript thereof, designating all or some of the transcript and/or documents referred to therein as Confidential. Such written notice must be sent to counsel for all Parties, the deponent and counsel for the deponent. Only those portions of the transcripts so designated as "Confidential" must be treated as Confidential. The Parties may modify this procedure for any particular deposition, by a writing signed by counsel for all Parties and by the deponent or counsel for the deponent, without further order from the Court.

 2. The designation "Confidential" shall apply to materials and information that may be disclosed to the Parties and others identified in this Order for the purposes of the litigation, but which is intended to be protected against disclosure to third parties. Absent a specific order by the Court to the contrary, once designated as "Confidential," such information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, other litigation or governmental purpose or function, and such information shall not be disclosed to anyone except as expressly provided herein. The Parties shall not use any Confidential Information in connection with any future litigation.

 3. The production of any Confidential Information, without the "Confidential" designation, shall be without prejudice to any claim that the information is confidential, and shall not constitute a waiver of its confidential nature. Upon demand by any Party, all copies of any undesignated Confidential Information shall be stamped "Confidential" and shall be subject to the

22645784

terms of this Order.  No designation of inadvertently produced information shall be permitted any later than 30 days prior to the trial date in this action.

4. Any Party may, at any time, request or contest in writing that any Confidential Information be released from the requirements of this Order.  A Party who makes such a request shall be referred to in this Order as the "Requesting Party".  Upon written request, the Party or Third Party claiming that information is "Confidential" shall meet and confer with the Requesting Party within ten (10) days of receipt of a written request therefor.  If an agreement cannot be reached by negotiation, and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party may make an application for a ruling from the Court on the continued application of the "Confidential" designation of such information or document.  The Requesting Party shall submit the requested Confidential Information to the Court for in camera inspection, and the terms of this Stipulation and Protective Order shall continue to apply to such Confidential Information until the Court rules on the application.  The Party or Third Party claiming that the information is "Confidential" has the burden of proof to establish that the Confidential Information in question is entitled to protection under the Order.

5. Confidential Information and information derived from Confidential Information, including without limitation any testimony about an exhibit designated as Confidential, shall not be disclosed except as set forth herein.

6. Confidential Information may only be disclosed to the following persons:

   a. the attorneys for the Parties to this Order (including both outside counsel and in-house counsel) and their support personnel (e.g. paralegal, legal assistants, and copy services);

   b. The Parties to this Order, and their officers, directors, and authorized agents deemed necessary by counsel for the prosecution or defense of this action;

   c. clerical and secretarial personnel currently employed by or for Parties to this Order, (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel, retained by outside counsel);

22645784

    d. stenographic, video or audio court reporters engaged to record depositions, any hearing or trial in this litigation, and certified interpreters and/or translators for those depositions, hearings, or trial, if any;

    e. non-party expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data-entry personnel) who actively assist in the preparation of this action;

    f. any person identified on the face of any such Confidential Information as an author or recipient thereof;

    g. any person who is determined to have been an author and/or previous recipient of the Confidential Information, but that is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

    h. any non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate;

    i. A witness in the above-captioned case not otherwise authorized to view the Confidential Information in question, during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, provided that: (1) the disclosure is made solely for the purpose of directly advancing the questioning party's claims or defenses, and for no other purposes whatsoever; (2) counsel for the questioning party endeavors in good faith to redact or handle the Confidential Information in such a manner as to disclose no more confidential information as is reasonably necessary in order to examine the witness; (3) the witness is not permitted to retain the Confidential Information after the witness is examined regarding the Confidential Information; and (4) the witness is explicitly informed that this Order forbids him or her to disclose the Confidential Information except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order, and the Party making the disclosure

22645784

shall first secure from the witness a signed statement in the form attached as Exhibit A to this Order by which the individual states that he or she has read and understands this Order and agrees to be bound by its terms. A deposition witness may review the entire deposition transcript and exhibits thereto in order to review and sign pursuant to Fed. R. Civ. P. 30(e).

j.  A witness whose testimony at deposition, hearing, or trial has been formally noticed (but who is not otherwise authorized to view Confidential Information), provided that (1) the disclosure is made solely for the purpose of preparing the witness to testify; (2) the party that intends to make the disclosure provides written notice to the Designating Party, at least five business days in advance of the disclosure, specifying the documents to be disclosed and the person to whom the disclosure is to be made; and (3) the Designating party has not objected, in writing, within five business days of receiving the notice of intended disclosure. If the Designating Party does object, any party may seek relief from the Court, and the disclosure may not be made until the Court rules or the Designating party withdraws its objection; and

k.  any other person by written agreement among the Parties' counsel, or by order of the Court.

7. Prior to the disclosure of Confidential Information to any individual identified in paragraphs 6 (a) - (k) above, the Party making the disclosure shall first secure from the individual a signed statement in the form attached as Exhibit A to this Order by which the individual states that he or she has read and understands this Order and agrees to be bound by its terms.

8. The foregoing is without prejudice to the right of any Party to this Order to:

a.  seek to modify or obtain relief from any aspect of this Order; or

b.  object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Order.

9. Nothing in this Order shall prohibit a Party from using Confidential Information for deposition preparation, use during a deposition, or from marking any Confidential Information as an exhibit to a deposition and examining the deponent thereon. Likewise, nothing in this Order

22645784

shall prohibit a Party from using Confidential Information for examination of a witness at trial, or from marking any Confidential Information as an exhibit during trial and examining a trial witness thereon.

10. If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present. The portions of the transcripts of all testimony designated as Confidential Information shall be labeled with the appropriate designation by the reporter. If any document or information designated as Confidential Information pursuant to this Order is used during the course of a deposition, that portion of the deposition record reflecting such material shall be labeled with the appropriate "Confidential" designation.

11. Prior to filing any documents with the Court that contain any Confidential Information, that party must file a motion for an order sealing the documents consistent with the Ninth Circuit opinions of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010) and consistent with Local Rule 10-5(b). A copy of the motion to seal must be served on all parties that have appeared in the case. Any filing made with the Clerk of the Court, as such filing may be required or permitted by the local rules of this Court, that contains or has attached to it Confidential Information, shall be filed under seal and shall remain under seal (except that it may be unsealed for examination by the Court as necessary). For good cause shown, the Court may order that such filing or portions thereof be unsealed.

12. In the event of a hearing or trial in this matter at which any Party or Third Party intends to present information or materials designated hereunder as Confidential, counsel for the Parties, and any Third Party, as applicable, will meet and confer to determine what safeguards are necessary to protect against the disclosure of the designated information or materials, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the Parties, and any Third Parties, as applicable, shall confer on appropriate procedures for protecting the confidentiality of any documents, information and

22645784

transcripts used in the course of any court proceedings, and shall incorporate such procedures into the pre-trial order. For trial, the Party seeking to use information designated Confidential without redacting the Confidential portion of the information, shall, via written motion in limine filed and served pursuant to the Court's trial scheduling order, submit all such information (document, transcript, interrogatory answer, etc.) to the trial judge under seal for in camera review, and a decision on whether such information can be used at trial, and if so, what limitations, if any, shall apply.

13. Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person or party in violation of this Order, then the party responsible for the inadvertent disclosure shall use reasonable efforts to bind such person to the terms of this Order, and shall (a) promptly inform such person of all the provisions of this Order, (b) request such person to sign the written statement attached hereto as Exhibit A, (and, if such person does not agree to sign the written statement, use reasonable efforts to retrieve the Confidential Information promptly); and (c) identify such person immediately to the Designating Party that designated the document as Confidential Information. If obtained, the executed copy of Exhibit A shall promptly be served upon the Designating Party.

14. This Order shall survive the termination of this action and shall continue in full force and effect thereafter. Within thirty (30) calendar days after the termination of this action and the expiration of any and all rights of appeal or further appeal or the expiration of time to seek leave to appeal, all persons or entities that have received Confidential Information shall return all such Confidential Information to counsel for the designating Party or Third Party. As an alternative to returning all or part of such Confidential Information, persons or entities may certify in writing for the producing Party, or Third Party, that they have destroyed all unreturned Confidential Information. Where a Party has provided Confidential Information to a retained expert or consultant or any other person or entity, it shall be the responsibility of that Party to obtain the return or destruction of the Confidential Information from such expert or consultant. This paragraph does not apply to the copies of Confidential Information that have been submitted

22645784

to and are in the possession of the Court. This Order shall not preclude the use or disclosure of any Confidential Information during the trial of this action, subject to the right of any Party to seek an Order governing use of the Confidential Information at trial.

15. If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving party by any court, administrative or legislative body, or is requested, via formal discovery request or otherwise, by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall, within three (3) business days of receipt, give the Designating Party notice of said request. The party receiving the discovery request or subpoena shall in the interim take all necessary steps to protect the potentially Confidential Information and all information so designated in this case as if it were its own confidential information. The party receiving notice of a pending discovery request, subpoena, or other inquiry, shall have three (3) business days to, in writing, advise the party from whom the discovery was requested of its intent to protect the confidentiality of the information sought, or of its decision to allow it to be disclosed. The party objecting to the disclosure of the Confidential Information shall take all steps it deems necessary at its own expense, including incurring and paying its own attorney's fees. It is acknowledged and agreed that any violation or threatened violation of this provision by any party will cause immediate and irreparable harm entitling the other party to obtain injunctive relief, including a temporary restraining order without notice pending a hearing on an application for preliminary injunction in addition to all other legal remedies available.

16. The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such parties.

17. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

/ / /

/ / /

22645784

18.   This Order may only be amended or modified by written agreement of the Parties hereto and approved by this Court, or by order of this Court.

DATED this 23rd day of October, 2015.

**GEWERTER & DOWLING**

*/s/ Elaine A. Dowling*
**HAROLD P. GEWERTER, ESQ.**
Nevada Bar No. 499
**ELAINE A. DOWLING, ESQ.**
Nevada Bar No. 8051
7866 West Sahara Avenue
Las Vegas, Nevada 89117
(702) 382-1714 Telephone
(702) 382-1759 Facsimile
harold@gewerterlaw.com
elaine@gewerterlaw.com
*Attorneys for Plaintiffs,
Gerald and Nancy Erwin*

DATED this 23rd day of October, 2015.

**SNELL & WILMER L.L.P.**

*/s/ Holly E. Cheong*
**AMY F. SORENSON, ESQ.**
Nevada Bar No. 12495
**HOLLY E. CHEONG, ESQ.**
Nevada Bar No. 11936
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
asorenson@swlaw.com
hcheong@swlaw.com
*Attorney for Defendant,
Wells Fargo Bank, N.A.*

## ORDER

IT IS SO ORDERED.

DATED this __26th__ day of __October__, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

- 10 -

22645784