UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALD ERWIN, et al., | 2:15-cv-01396-LDG-GWF |
| Plaintiffs, | ORDER |
| v. | |
| WELLS FARGO BANK, | |
| Defendant. | |

Defendant Wells Fargo has filed a motion to dismiss (#9, opposition #12, reply #13). It is undisputed that plaintiffs elected to participate in foreclosure mediation, and that the mediation statement and agreement was dated November 24, 2014. Plaintiffs' complaint filed in state court on June 19, 2015, seeks relief based on defendant Wells Fargo Bank's alleged contractual and tortuous breach of the implied covenant of good faith and fair dealing, declaratory judgment and injunctive relief all stemming from Wells Fargo's failure to mediate in good faith under NRS 107.086(6) during three foreclosure mediation attempts.

Challenges to the conduct of a party in mediation must be made in a petition for judicial review within thirty days of notice that a mediation certificate would or would not issue. "A party to the mediation may file a petition for judicial review with the district court in the county where the notice of default was properly recorded." Foreclosure Mediation Rule 22(2). "All such petitions shall be filed within 30 days of the date that the party to mediation received the notification of the issuance or non issuance of a certificate." FMR 22(3).

> The petition for judicial review affords a way to challenge compliance with the statutory attendance, production and good faith requirements . . . And exists 'for the limited purposes of determining bad faith, enforcing agreements made between the parties within the Program, including temporary agreements, and determining appropriate sanctions pursuant to NRS Chapter 107 as amended.

Holt v. Reg'l Trustee Serv. Corp., 266 P.3d 602, 606 (Nev. 2011). See also Pasillas v. HSBC Bank USA, 255 P.3d 1281, 1286 (Nev. 2011) ("If any one of these violations occurs, the mediator must recommend sanctions. If the homeowner petitions for judicial review, "[t]he court may issue an order imposing such sanctions against the beneficiary of the deed of trust or the representative as the court determines appropriate") (citations omitted).

Wells Fargo submits that plaintiffs' complaint fails as a matter of law because plaintiffs did not comply with the foreclosure mediation rules by filing a petition for judicial review within 30 days of the issuance of the mediation statement. The court agrees. Plaintiffs' claims fall squarely within the scope of a petition for judicial review required under the foreclosure mediation rules. The court is further unpersuaded by plaintiffs' argument that the onus is on Wells Fargo, not plaintiffs, to file for judicial review. The allegations of plaintiffs' complaint are based on Wells Fargo's bad faith, and it is the mechanism of the petition for judicial review which addresses such a violation.

THE COURT HEREBY ORDERS that defendant Wells Fargo's motion to dismiss (#9) is GRANTED.

DATED this 31 day of March, 2016.

_____
Lloyd D. George
United States District Judge